UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 19-cr-272 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Sequana Cigolo (1), and<br>Jason Lynndrotti Winston (2), | |
| Defendants. | |

---

Nathan Hoye Nelson, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Kevin W. DeVore, DeVore Law Office, 742 Bielenberg Drive, Suite 110, Woodbury, MN 55125 (for Defendant Cigolo); and

Douglas L. Micko, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant Winston).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on numerous pretrial motions. The Government has filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 21, with respect to both Defendants Sequana Cigolo ("Cigolo") and Jason Lynndrotti Winston ("Winston").

Cigolo has filed the following motions:

1. Motion for Disclosure of *Brady* Materials, ECF No. 36;

2. Motion for Disclosure of Rule 404(b) Evidence, ECF No. 37;

1

3. Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 38;

4. Motion for Early Disclosure of Jencks Act Materials, ECF No. 39;

5. Motion for Government to Provide Grand Jury Testimony of Witnesses, ECF No. 40; and

6. Motion for Government Agents to Retain Rough Notes, ECF No. 41.

Winston has filed the following motions:

1. Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 26;

2. Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 27;

3. Motion for Discovery and Inspection, ECF No. 28;

4. Motion for Early Disclosure of Jencks Act Material, ECF No. 30;

5. Motion for Government Agents to Retain Rough Notes, ECF No. 31; and

6. Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 32.

Hearings were held on December 13, 2019, and January 16, 2020. ECF Nos. 46, 50. Assistant United States Attorney Nathan Hoye Nelson appeared on behalf of the United States of America (the "Government"). Attorney Kevin W. DeVore appeared on behalf of Cigolo. Assistant Federal Defender Douglas L. Micko appeared on behalf of Winston.

Based upon the record, memoranda, and oral arguments of counsel,[1] **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, ECF No. 21, is **GRANTED**. This

---

[1] This Order is being issued following a series of General Orders issued by the Honorable John R. Tunheim, Chief District Judge of the United States District Court for the District of Minnesota, in connection with the COVID-19 pandemic, *available at* https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of principal and rebuttal expert witnesses.  Cigolo and Winston have no objection to the Government's motion.  Tr. 4:13-19, 7:19-22, ECF No. 62.

The Government has also proposed that principal experts be disclosed 21 days prior to trial and rebuttal experts be disclosed 7 days prior to trial.  Cigolo and Winston are both in agreement with the Government's proposal.  Tr. 4:20-5:8, 5:16-21, 9:12-18.  Therefore, no later than 21 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 7 days prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  *See infra* ¶ 4.

2.  Cigolo's Motion for Disclosure of *Brady* Materials, ECF No. 36, and Winston's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 27, are **GRANTED IN PART** and **DENIED IN PART**.

Cigolo and Winston seek disclosure of evidence favorable to them under *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66 (1967), *Giglio v. United States*, 405 U.S. 150 (1972), *Moore v. Illinois*, 408 U.S. 786 (1972), and *United States v. Bagley*, 473 U.S. 667 (1985).  They also seek information regarding Government witnesses.

The Government acknowledges its obligations under *Brady*, *Giglio*, and their progeny, and states that it has complied and will continue to comply with those obligations. At the hearing, Cigolo and Winston were satisfied with the Government's response.  Tr. 5:10-15, 8:6-9.

"The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *Bagley*, 473 U.S. at 683).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v.*

*Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable.").

Cigolo and Winston's motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials.  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.  The parties are encouraged to provide Jencks Act materials no later than 3 business days prior to trial.  *See infra* ¶ 5.

To the extent Cigolo and Winston seek discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced, such requests are denied.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Cigolo and Winston seek the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied.  *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3. Cigolo's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 37, and Winston's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 26, are **GRANTED IN PART** and **DENIED IN PART**.  Cigolo and Winston request disclosure of evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b). Winston additionally had requested that such disclosure be "immediate[]" and the Government identify the witnesses through whom such evidence will be presented.  ECF

No. 26 at 1. All parties have now agreed to disclosure of Rule 404(b) evidence no later than 14 days prior to trial. Gov't's Consol. Resp. at 3, ECF No. 3; ECF No. 37 at 1; Tr. 5:25-6:4, 8:2-5.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid.

6

404(b).  Cigolo and Winston's motions are otherwise denied.  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

4. Cigolo's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 38, and Winston's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 32 are **GRANTED** in accordance with the parties' agreement.  As stated above, *see supra* ¶ 1, the parties have agreed that no later than 21 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 7 days prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

5. Cigolo's Motion for Early Disclosure of Jencks Act Material, ECF No. 39, and Winston's Motion for Early Disclosure of Jencks Act Material, ECF No. 30, are **DENIED**.  Cigolo and Winston seek early disclosure of Jencks Act materials.  While the Government objects to any Court-ordered early disclosure, the Government states that it intends voluntarily to make Jencks Act materials available 3 business days prior to trial "so as not to delay the progress of trial, provided [D]efendants agree to do the same."  Gov't's Consol. Resp. at 4.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

7

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Cigolo and Winston's requests for early disclosure of Jencks Act materials are denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than 3 business days before trial as proposed by the Government.

6.  Cigolo's Motion for Government Agents to Retain Rough Notes, ECF No. 41, and Winston's Motion for Government Agent's to Retain Rough Notes, ECF No. 31, are **GRANTED**. Cigolo and Winston request an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. The Government does not object to the retention of rough notes "to the extent that any such rough notes still exist," but opposes any request for disclosure. Gov't's Consol. Resp. at 4.

Cigolo and Winston's requests for the retention and preservation of all rough notes are granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

7.  Cigolo's Motion for Government to Provide Grand Jury Testimony of Witnesses, ECF No. 40, is **GRANTED**. The Government has no objection to Cigolo's motion. Gov't's Consol. Resp. at 6.

8.     Winston's Motion for Discovery and Inspection, ECF No. 28, is **GRANTED IN PART** and **DENIED IN PART**.  Winston generally seeks materials subject to disclosure under Rule 16(a)(1) of the Federal Rules of Criminal Procedure.  Winston further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that his counsel be notified.

The Government acknowledges its obligations under Rule 16 and states that it has and will continue to comply with such obligations.  The Government objects, however, to the extent the discovery requested "seeks materials not covered by Rule 16."  Gov't's Consol. Resp. at 2.

Winston's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1) remains in the Government's control and has not yet been produced.  And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.  To the extent Winston seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1) or that have already been produced, his motion is denied.

[Continued on next page.]

9. All prior consistent orders remain in full force and effect.

10. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: April__27____, 2020       _____s/Tony N. Leung_____
                                Tony N. Leung
                                United States Magistrate Judge
                                District of Minnesota


                                *United States v. Cigolo et al.*
                                Case No. 19-cr-272 (NEB/TNL)